## COUNTIES OF WASHINGTON, NEWPORT, BRISTOL, AND KENT, DURING THE SPRING CIRCUIT, 1858.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH, }

## COUNTY OF WASHINGTON, FEBRUARY TERM, 1858.
### AT SOUTH KINGSTOWN.

JAMES B. THOMPSON v. WEEDEN H. BERRY.

The plaintiff in an action of trespass and ejectment, against whom a judgment has been rendered for costs, may, when liable to be committed to jail on the execution issued upon such judgment, be admitted to the benefit of the poor debtor's oath; and a certificate from the magistrates, administering to him the oath, that he has been admitted to it, is a sufficient protection to him from imprisonment on such execution, and a sufficient justification to the officer for not committing him upon it.

THIS was an action on the case, brought against the defendant for not serving an execution for costs, delivered to and

received by him for service, according to the exigency of the writ, and came to this court, by appeal, from the court of common pleas for the county of Washington.

Plea, the general issue.

The case was submitted to this court in fact and law, a jury trial having been waived, by the agreement of the parties.

Upon the trial it was proved, that at the August term, 1856, of the supreme court for the county of Washington, the plaintiff, as defendant in an action of trespass and ejectment, recovered a judgment for costs against one Jedediah W. Knight, of Westerly, plaintiff therein, amounting, as taxed, to the sum of $95.02; that upon this judgment, an execution in common form was issued, and on the 6th day of September, 1856, was delivered to and received by the defendant, a deputy sheriff for the county of Washington, for service, being returnable to the February term of the supreme court for said county, 1857; that on the 16th day of December, 1856, after notice to the plaintiff, Knight was, in due form, admitted to take the poor debtor's oath, as one liable to be committed to jail upon the execution of the plaintiff; and a certificate thereof, under the hands and seals of two justices of the peace for the county of Washington, before whom the proceeding was had, was by them delivered to him; that the defendant, upon calling upon said Knight, with the plaintiff's execution, to obtain satisfaction of the same, was shown by Knight his said certificate; whereupon, on the 10th day of February, 1857, he returned said execution to the court from which it issued, without service, and with the following return indorsed thereon:—

" Washington, *ss.*   February 10, 1857.   I now return this execution unsatisfied for debt and costs, the within named Jedediah W. Knight having presented (when called upon to satisfy said execution) a certificate of his having taken the poor debtor's oath; said certificate being dated December 16, 1856, and signed by John H. Cross and Bradford Bliven, justices of the peace.

(Signed)   WEEDEN H. BERRY, *Dep. Sheriff.*"

*Thompson v. Berry.*

*A. C. Greene* and *Wilkins Updike*, for the plaintiff. The 8th section of the "act for the relief of poor persons imprisoned for debt," (Dig. 1844, p. 169,) enumerates the classes of debtors entitled to such relief; and by it, debtors proceeded against by mesne process and by execution are put upon the same footing. Plaintiffs in actions of trespass and ejectment are excluded from the benefit of this act, by implication; since defendants in such actions are expressly named. This implication excludes also the idea, that a judgment for costs in such an action is a debt within the meaning of this statute, since a plaintiff can be liable only for costs. The 11th section of the act confirms this view. The form of oath there given excludes the idea, that the relief is intended to apply to judgments against plaintiffs for costs. By that form, the debtor is required to swear, that he has not conveyed or intrusted his property with a design to secure any benefit therefrom to himself or family, " *since the commencement of this suit against me,*" which is wholly inapplicable to a judgment for costs in an action commenced by the applicant. The practice conforms also, as far as we can learn, to our construction of this act.

*Dixon*, for the defendant. This execution was for debt, in the sense of the statute for the relief of poor prisoners; and if execution had not been taken out within due season, an action of debt might have been maintained against Knight on the judgment. The 8th section of the act found in the Digest of 1844, and the 1st section of Rev. Stats. ch. 198, include every debtor. The 23d section of ch. 198 of Rev. Stats. and the 24th section of the act in the Digest of 1844, extend the benefit of the act to all defendants in execution who are liable to be committed, in all cases embraced in the 1st section of ch. 198 of the Revised Statutes, and in the 8th section of the act as found in the Digest of 1844. The 16th section of ch. 198, Rev. Stats., by expressly excluding from the benefit of the oath plaintiffs in replevin, impliedly admits, that plaintiffs in all other civil actions are entitled to it.

BRAYTON, J. It is admitted by the plaintiffs, that the certificate of the two justices, offered in evidence in this case, was

regularly granted, and was sufficient to exempt the body of Knight, the defendant in execution, from arrest and imprisonment upon it, and was a full justification to the officer for omitting to make the arrest or commitment, if the justices had power to grant it at all. The plaintiff's objection is, that Knight was not a person entitled to apply for the benefit of this act; he having been the plaintiff in the suit in which the judgment was rendered against him for costs, and upon which judgment this execution issued; and that no plaintiff in a suit is within the purview of the act in question, or is entitled to the benefit of the act.

The three sections of this act, all of which are more or less involved in this cause, are as follows :—

Section 8. "Whenever any person shall be imprisoned for debt, whether on mesne process or execution, or for non-payment of any military fine, or town or state taxes, or on execution awarded against him as defendant in any action of trespass and ejectment, or trespass *quare clausum fregit,* in which the title to the close was in dispute between the parties, shall complain," &c.

Section 15. "No person who shall be committed on execution awarded against him as plaintiff in replevin, or as defendant in any action on a penal statute, or in any action of trover or detinue, or for any malicious injury to the person, health, or reputation of the plaintiff in the suit, or for breach of promise of marriage, or for seduction, or for any trespass excepting only such as are particularly named in the eighth section of this act, shall be deemed to be within the meaning of that section or entitled to any benefit therefrom."

Section 24. "Any defendant in any execution who would, if committed to jail thereon, be entitled to the benefit of the oath mentioned in the eleventh section of this act, may apply," &c.

It was under this 24th section that Knight made his application and received his certificate. This section refers to the 8th section of the same act to ascertain who are entitled to be admitted to the oath prescribed in the 11th section, as it gives this right only to such persons as would be entitled, were they actually committed to jail; and the question is, whether, had Knight

been a prisoner in jail, he would have been entitled to the benefit of this act, as falling within the description of persons mentioned in the 8th section.

The argument for the plaintiff is, that the relief to be given by the act is a mere statute relief, and cannot be extended to those who are not strictly within the terms of the act; and since Knight was not defendant in any action of trespass, and the execution was not for military fine, nor for taxes, he must fall within the terms " imprisoned for debt," if he is included in the act; and that the word " debt," upon the proper construction of the act, must be construed to mean a sum awarded to the plaintiff in a suit *ex contractu*, for the recovery of money, or at least for damages, and aside from an award of costs only; and therefore, that a plaintiff in a suit could never be included in the class of persons entitled to this relief; and it is insisted, that this intent is shown, by the putting the commitment of the debtor upon mesne process and upon execution upon the same footing; since a plaintiff could never be committed upon mesne process, and could only be upon execution. This, we think, shows only that there need be no judgment in such case in order to obtain the relief, if the prisoner admits the debt sued for; and he is thereby protected from the execution which may issue for it.

Another suggestion is, that the enabling section, the 8th, provides, that *defendants* in actions of trespass to land, in certain cases, may have relief; and this, by strong implication, excludes a *plaintiff*, and also excludes the idea that costs are " debt," within the meaning of the act.

It will be noticed that in the 15th section, which is a proviso to the 8th, and restrictive of the application of the terms used therein, it is expressly provided, that a plaintiff in replevin shall not be deemed to be within the meaning of this act; thereby implying that plaintiffs in other suits might be. It will be noticed also, that the 24th section, under which this certificate was granted, in the description of the persons entitled to relief, uses the words, " any defendant in any execution;" thereby distinguishing between a defendant in a suit, and one against whom execution is awarded, who may be either plaintiff or defendant,

before judgment.   This would seem to imply the understanding of the legislature, that the 8th section included all persons committed on execution awarded against them, without regard to their having been originally plaintiff or defendant.

It will also be noticed, that a defendant in trespass and ejectment, if the title be in dispute, is expressly admitted to the relief; but he is one against whom no judgment for debt or for damages can be given.   The only judgment that can be rendered against him is for possession and for costs, and if he is committed, it must be for costs only.

The plaintiff has also referred to the form of the oath to be taken by the debtor, viz : " *I have not, since the commencement of this suit against me, conveyed,* &c.," as showing that defendants in a suit only are included.   The attention of the legislature was doubtless mainly directed to defendants, inasmuch as the cases of plaintiffs committed for costs were very few in comparison to those of defendants committed for debt, in the technical sense of that term.   This language, it is true, is inappropriate, when applied to one against whom no suit has been commenced, but who on the contrary commenced it.   To make it appropriate, the words " against me " should have been omitted.   Were the construction of the act doubtful in all other aspects of it, this consideration would be entitled to some weight; but it is slight in comparison to considerations derived from the other portions of the act.

It was said, at the hearing of this cause, that there had been a practical construction put upon the act in conformity to the views expressed by the plaintiff, and that applications by plaintiffs had uniformly been denied.   Upon inquiry, we find no such construction.   Those who have had most experience as magistrates, in these applications, do not remember any cases in which they were called upon to consider this point.

Some doubt was expressed by the court when this case was argued, and it was taken for advisement with a view to a careful examination of the statutes on this subject.   Upon that examination, we are satisfied, that our doubts arose mainly from finding embodied in the enabling section, the 8th, a provision which appropriately belongs to the 15th section which is in the

Thompson *v.* Berry.

nature of a proviso to the 8th, and where it is also inserted, by reference to the 8th, as an exception out of that proviso.

The history of the statutes upon this subject makes this perfectly apparent.

There had been, long prior to 1798, a statute in force giving relief to insolvent debtors by compelling the committing creditor to provide for their board in prison. It provided, that "where any insolvent debtor stands committed to any prison in this colony in any action upon mesne process or execution," the plaintiff should pay the board of the prisoner.

The first act exempting the body of a poor person from imprisonment on being admitted to the oath, is contained in the Digest of 1798, p. 228. The relief is provided by the 10th section, giving it to such as are entitled to the liberty of the prison yard by the terms of the 1st section. Those terms are, " any person imprisoned on mesne process or execution issued from any court in this state." This act, clearly, did not confine the benefit of it to those persons imprisoned for debt in any technical sense of the term, either as distinguished from damages, or as distinguished from costs.

In the Digest of 1822, p. 175, § 7, the language of the statute, in the enabling section, is substantially the same as the 8th section of the one before us, till we come to the words, " defendants in ejectment;" extending the relief to poor persons imprisoned for debt, for non-payment of military fine and for taxes, and no further. In 1827, the general assembly, at the January session, passed another act in amendment of the act of 1822, providing, that " nothing contained in said act shall be so construed as to authorize, under the provisions of the 7th section thereof, the discharge of any person from imprisonment upon execution awarded against him in any suit brought against such person for trespass or other injury committed with force, or for any malicious injury to the person, health, liberty, or reputation of the plaintiff in such suit."

This, it will be seen, is not an enabling act, extending the relief to other persons than those before included in the act, but a restraining act, excluding persons to whom the relief might before have been granted. This shows clearly that the

9 *

term, "debt," had been understood to include damages, in all actions for torts, as well as in suits *ex contractu.* There could be no necessity for this amendment upon any other construction, and it could have no operation.

In November, 1836, the same restriction, in the same terms, is put upon the provision for the liberty of the jail-yard, under the 1st section of the same act. This again put both kinds of relief upon the same footing; making the same persons who were entitled to the one, entitled to the other also.

In 1840, an act was passed in explanation of the part of the act relating to the liberty of the jail-yard, by which it was enacted, that " any person imprisoned upon mesne process or execution in any action of trespass and ejectment, or trespass *quare clausum fregit,* in which the title to the close was in dispute," &c., shall be admitted to the liberty of the prison yard. This same provision in the Digest of 1844, the act now before us, as to the relief to be given by taking the oath, was first introduced into this act in the Digest of 1844. It will be readily seen, that it is an exception to the amendatory act of January, 1827, and excluded defendants in all actions of trespass; and excepts therefrom defendants in those actions of trespass and ejectment, and trespass *qu. cl.,* only, in which the title to the close was in dispute between the parties. It was for some reason, not apparent, introduced into the enabling section. Its appropriate place was in the restraining section,—§ 11. It is also by reference put into that section as an exception to it; and had it been omitted in the enabling section, it probably would not have misled counsel, and some doubts might have been saved both to them and to ourselves. Now, reading this provision in its proper connection, the term, "defendant," at once ceases to have any such significance as has been claimed for it. So far from implying that a *plaintiff,* in any case, was excluded from the enabling section, it furnishes an implication, so far as it goes, that plaintiffs were understood to have been before included; since the restraining section mentions defendants only, and the implication, from the use of the term, " plaintiff in replevin," as suggested for the defendant, is left to its full force.

The general intent of this act is quite apparent. It is to re-

lieve from imprisonment such persons as from poverty, from an absolute want of means to do so, are unable to pay the money, for the non-payment of which, they stand committed or are liable to be committed. The title of the act, "An act for the relief of poor persons imprisoned for debt," is significant of its purpose, that no person should be punished for his poverty, but for his denial of payment, having the means. To carry out this purpose it would seem to require, that every person committed for the non-payment of money, adjudged against him in any civil suit, should have this relief. There is, in principle, no ground for distinction between a judgment for costs, and for a preëxisting debt or damages. It is equally a judgment for money, which it requires the same means to pay. Nor is there, in principle, any distinction to be drawn between a plaintiff and a defendant. It would require the same ability in each to satisfy the judgment, and the same poverty would equally render each unable to pay. Unless the terms of the statute require the distinction to be made, there can be no reason for making it. The statute ought to receive a liberal interpretation to carry out its purposes, and the term "*debt*," here, should receive as liberal an interpretation as it will reasonably bear. We think it should bear one broad enough to cover the defendant in this execution.

We think the proper construction to be put upon this act, is, that the 8th section of the act includes in its provisions every person who stands committed or is liable to be committed on execution, for any sum of money, which, in any civil suit he has been adjudged to pay, whether it be for costs only, or for debt as distinguished from costs, and whether he were plaintiff or defendant in the suit in which judgment was rendered; and since the execution debtor in this case is not within the restraining section, he was entitled to apply for the benefit of this act. As it is conceded that it was regularly granted, the certificate of the magistrates, who admitted him to the oath, was sufficient to protect him from arrest and imprisonment by the officer charged with the execution, and is a sufficient justification to the officer for omitting to arrest and commit the debtor.

*Judgment must be for the defendant, for his costs.*